**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Rachel Jernigan,<br><br>    Plaintiff,<br><br>vs.<br><br>Kyle Richard, et al.,<br><br>    Defendants. | No. CV-08-2332-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Release of the Minutes of the Grand Jury In CR-00-01010-PHX-FJM (Dkt. # 32). For the reasons stated below the Court grants the Motion as it pertains to the transcripts of the grand jury proceedings that resulted in the return of the superceding indictment on January 2, 2001.

In the year 2000, five robberies of east valley banks were committed by an Hispanic/Asian female. The robberies were committed on September 20, October 11, October 25, November 28 and November 30. On October 11 of that year, Plaintiff Rachael Jernigan was indicted for the first of the robberies by a grand jury. She was subsequently arrested for this robbery on November 10, 2000 and was held in custody pending trial.

After Plaintiff had been taken into custody the two November robberies occurred. The physical and clothing descriptions of the robber in the latter two November robberies matched at least some of the descriptions given of the suspect in the first three robberies as did the description of the vehicle in which the robber left the scene. On January 2, 2001,

Plaintiff was ultimately charged by a superceding indictment with the three robberies that preceded her arrest. The complaint alleges that when it obtained the superceding indictment, the government did not disclose to the grand jury that shortly after Jernigan had been taken into custody two similar robberies had occurred in which the descriptions of the suspect and details surrounding the incidents were similar to the bank robberies for which Jernigan was charged. Nor was Plaintiff provided with this information.

Thus at trial, Plaintiff was unable to present this exculpating evidence. In the absence of such evidence, Ms. Jernigan was convicted and sentenced to 168 months of incarceration. On December 11, 2001, the same bank that was robbed on September 20, 2000 was again robbed by an Hispanic/Asian female. Juanita Rodriguez-Gallegos was arrested and also charged with the two November 2000 robberies that were similar to the robberies for which Plaintiff had been convicted. In a plea agreement with the government Rodriguez-Gallegos pleaded guilty to the December 11, 2001 robbery and the other two charges were dismissed. Plaintiff contends and Defendant does not contest that Juanita Rodriguez-Gallegos also confessed to committing the bank robberies for which Plaintiff was convicted.

When Plaintiff heard of Rodriguez-Gallegos's eventual arrest for similar robberies, she sought relief from her conviction. Ultimately the Ninth Circuit reversed Ms. Jernigan's conviction because the prosecution failed to provide Ms. Jernigan with the exculpatory evidence concerning the two very similar robberies that occurred shortly after her arrest. *United States v. Jernigan,* 492 F.3d 1050 (9th Cir. 2007). The United States ultimately dismissed the indictment against her. She was released after she had been incarcerated for approximately seven years and three months.

Defendant Kyle Richard was the agent in charge of the investigation of all six of the bank robberies for the FBI. He was present at the arrest of Jernigan. Among other claims, Plaintiff brings § 1983 claims against Richard for the violation of her fourth, fifth and fourteenth amendment rights for his failure to disclose to Jernigan and others the facts of the similar bank robberies that occurred after her arrest and detention. *Tennison v. City and County of San Francisco,* 570 F.3d 1078, 1080 (9th Cir. 2009) (holding that police officers

who withhold material exculpatory evidence from the prosecution, thereby preventing the evidence from being turned over to the defense, can be held personally liable under § 1983 for a *Brady* violation).

As a prerequisite to a successful suit against Richard under at least some of her §1983 claims Jernigan must establish that Richard acted with malice or reckless disregard for her rights. Towards that end, Jernigan requests the minutes and transcripts of the proceedings before the grand jury that indicted her. Richard opposes the request.

Parties seeking grand jury transcripts must establish that (1) the material they seek is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) their request is structured to cover only material as needed. *Douglas Oil Co. Of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

The Court finds that Jernigan has met this standard at least as it pertains to the grand jury transcripts pertaining to the superceding indictment that was returned after the intervening robberies occurred. Jernigan's complaint alleges that the grand jury that issued the superceding indictment was never told of the similar bank robberies that occurred after Jernigan's arrest because Richard never told the prosecuting Assistant United States Attorney about those bank robberies. The Complaint further alleges that Richard knew of the similar bank robberies and knowingly decided, in concert with other investigators, not to disclose them to the prosecuting AUSA or to Jernigan or her counsel. See Dkt. # 1 at ¶ 83.

Richard's failure to disclose to the AUSA similar bank robberies after Jernigan was taken into custody in conjunction with the United States' request for the superceding indictment is one of the factual bases of all of Jernigan's claims against Richard. Richard, of course, could not have known of the exculpating robberies until after Jernigan was taken into custody on the strength of the first indictment. But, once Jernigan was taken into custody the intervening similar robberies occurred. When the United States sought a superceding indictment, Plaintiff is entitled to argue that the exculpating information should have been provided to the AUSA both to exculpate her on the charges in the first indictment,

and/or for the use of the AUSA and the grand jury in evaluating the charges sought in the supervening indictment.

As this Court has previously noted, quoting *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1067 (9th Cir. 2004), "the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against . . . officials who . . . knowingly provided misinformation to [the prosecutor], concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Lacy v. Maricopa County,* ___ F.Supp.2d ___, 2008 WL 5397585 at 10 (D.Ariz. Dec. 24, 2008). In this case the absence of any discussion of the similar robberies in the grand jury transcript is a necessary prerequisite to not only establishing one of the factual allegations of Jernigan's case, but also to rebutting any presumption of probable cause that arises from the return of the superceding indictment. The question of what happened at the grand jury after the subsequent robberies occurred, therefore, is not merely the subject of a fishing expedition as it was in *United States v. Walczak*, 783 F.2d 853 (9th Cir. 1986), it is information that is necessary to the Plaintiff, and is specific and ascertainable, at least in part, by reference to the transcripts.

In this case, the need for secrecy of the transcript is diminished. The United States has dismissed the superceding indictment, the indictment was returned almost nine years ago, and there appears at any rate to be a confession by another suspect to having committed the crimes that for which Jernigan was charged and convicted.

Further, to the extent the information disclosed is the evidence presented to the grand jury that returned the superceding indictment, the request is sufficiently narrow to cover only the information that is needed as specified in *Douglas Oil,* 441 U.S. at 222.

Accordingly,

**IT IS HEREBY ORDERED** granting Plaintiff's Motion (Dkt. # 32) for release of the minutes of the grand jury that returned the superceding indictment against her.

DATED this 17th day of September, 2009.

_____
G. Murray Snow
United States District Judge