**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Jernigan,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Kyle Richard, et al.,<br><br>　　　　Defendants. | No. CV-08-2332-PHX-GMS<br><br>**ORDER** |

　　　　Pending before the Court is the Town of Gilbert, Pamela Elliott, David Landgraf and Randy McLaws's (the "Town Defendants") Motion to Stay Discovery (Dkt. # 60).

　　　　Counsel has not yet filed a motion for summary judgment on qualified immunity, but seeks a stay of discovery pending the resolution of that, as yet, unfiled motion. Further, counsel did not consult with opposing counsel to determine, prior to filing their motion, whether they could mutually agree on a discovery schedule that would prioritize relevant discovery while minimizing discovery in which the Town Defendants might not have to participate should its motion for summary judgment be granted.

　　　　The discovery deadline of July 16 looms. Between now and that deadline the parties will, of necessity, conduct discovery concerning a number of matters in which the Town Defendants would not otherwise have been required to participate had an early motion for summary judgment been granted. Even assuming counsel were to file a motion promptly, the observance of a normal briefing schedule would not result in a decision on the motion

1 until approximately the time of the discovery deadline. Counsel for the Town Defendants
2 acknowledges that they bring this motion for stay late in the course of the entered discovery
3 schedule but assert in their Reply that their failure to more timely assert this motion results
4 in part from their desire to cooperate with the necessary discovery needed by Plaintiff's
5 counsel, Plaintiff's discovery disputes with the Town Defendants and with its co-defendant,
6 the dilatoriness of Plaintiff's counsel in seeking reasonable depositions relating to the Town
7 Defendants' motion, and the unreasonable positions taken by Plaintiff's counsel.

Respectfully, the Court observes that even assuming all of the above, nothing prevented the Town Defendants from filing their qualified immunity motion at an earlier date. And, if the Town Defendants needed discovery prior to filing its motion beyond the facts that its own witnesses could have set forth by affidavit, nothing prevented the Town Defendants from pursuing such discovery early on and filing their motion. As of yet, there are no facts presented to the Court on which the Court could determine that the Plaintiff's claims against the Town Defendants are "insubstantial claims" of the kind that should spare it from participating in further discovery. *Pearson v. Callahan,* 129 S. Ct. 808, 815 (2009). To stay the action now would require the Court to assume that Plaintiff's claims are of this nature. Respectfully, the Court is disinclined to engage in any such assumptions in the absence of some kind of evidence from which it could draw such conclusions. Further, to stay the action now would only further delay by four months the discovery schedule for all parties. All would have to wait in a period of total unproductivity while the Town Defendants' motion was filed, briefed and decided. The fact of having the litigation open and non-functioning would have its costs for all parties, would save the Town Defendants little, and would cost the other parties much. The Town Defendants' motion is denied.

Counsel for Plaintiff requests attorneys' fees incurred in responding to the Motion. While he presents some basis for his motion, the Court is not convinced that counsel for Plaintiff has not also contributed to the creation of an unprofessional environment that has lately taken hold of this litigation. In its discretion, therefore, the Court declines to award such fees. Accordingly,

**IT IS HEREBY ORDERED** denying the Town Defendants' Motion to Stay Discovery (Dkt. # 60), and denying Plaintiff's request for attorneys' fees incurred in responding to the Motion.

DATED this 15th day of April, 2010.

G. Murray Snow
United States District Judge